# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**-vs-**                                     **Case No.  6:12-cv-1646-Orl-28GJK**

**JOSEPH A. RISKO and CHERYL C. RISKO,**

      **Defendants.**

_____

## ORDER

This is an action by the United States of America ("the United States" or "the Government") to reduce to judgment unpaid federal income taxes assessed against Defendants, Joseph A. Risko and Cheryl C. Risko.  The case is currently before the Court on the Government's Motion for Summary Judgment (Doc. 26).  The Riskos have filed a Response to the motion  (Doc. 35).  In that Response, they, through their counsel, state that discovery "does not reveal a valid basis for opposition to the requested relief."  (Doc. 35 at 2).  Accordingly, the Government's motion for summary judgment shall be granted.

### I. Background

As noted in the Statement of Undisputed Material Facts in the Government's motion, for the tax years 2001 through 2006, 2008, and 2009, the Riskos filed federal income tax returns as "married filing jointly" taxpayers.  (Doc. 26 at 1).  A delegate of the Secretary of the Treasury assessed taxes, penalties, and interest against the Riskos for joint unpaid

income taxes for each of these years. (Id. at 1-5). As of May 28, 2013,[1] the Riskos owe the Government $1,307,596.91. (Id. at 6).

## II.  Discussion

### A.  Summary Judgment Standards

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact remain. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). However, summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997).

### B.  The Merits of the Government's Motion

---

[1] The Government filed its motion for summary judgment on June 4, 2013. With the agreement of the Government, the Riskos requested and were granted several extensions of time to respond to the motion. (See Docs. 28, 29, & 31 through 34). The Riskos ultimately filed their Response (Doc. 35) on October 28, 2013. Thus, the Government's motion only recently became ripe for ruling.

The Government's motion is supported by the Declaration of an Internal Revenue Officer and IRS records. (Ex. A to Doc. 26). The IRS's assessment of the Riskos' tax debt is presumed to be valid. See United States v. Chila, 871 F.2d 1015, 1017-18 (11th Cir. 1989). Upon a showing like the Government has made here of certified copies of records pertaining to the Riskos' tax debts, the Government establishes a prima facie case and the burden shifts to the Riskos to establish that the tax assessment is not correct. United States v. White, 466 F.3d 1241, 1248 (11th Cir. 2006). As earlier noted, in their Response the Riskos do not contest the relief sought, acknowledging that discovery has not revealed a valid basis for contesting that relief. Accordingly, the Government is entitled to summary judgment.

### III. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Government has established the federal income tax liabilities of Defendants for the years at issue. The Defendants do not contest the relief sought. The Motion for Summary Judgment (Doc. 26) filed by the United States is **GRANTED**.

2. **On or before Thursday, November 21, 2013**, the Government shall submit a proposed judgment that reflects an updated computation of the total amount owed by Defendants through Friday, November 22, 2013. The amount shall be supported by affidavits explaining the computation. Before submitting the proposed judgment, the Government shall confer with counsel for Defendants regarding whether Defendants oppose the updated computation, and the Government shall advise the Court as to Defendants' position.

    3.  This case is hereby **REMOVED** from the March 2014 trial calendar.

**DONE** and **ORDERED** in Orlando, Florida this 14th day of November, 2013.

                                    JOHN ANTOON II
                                    United States District Judge

Copies furnished to:
Counsel of Record